SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09–3365 PA (PJWx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | Jason Silva v. ER Solutions, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant ER Solutions, Inc. ("Defendant") on May 12, 2009.  (Docket No. 1.)

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The defendant also has the burden of showing that it has complied with the procedural requirements for removal."  Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

    "[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint." Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b).  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).  Failure to comply with the statutory time limit bars removal.  See, e.g., N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982).  As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant."  Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

SEND<br>JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09–3365 PA (PJWx) | Date | May 22, 2009 |
|---|---|---|---|
| Title | Jason Silva v. ER Solutions, Inc. | | |

 Here, Defendant asserts in the Notice of Removal that it was never served with the summons and complaint, and only after receiving a copy of plaintiff Jason Silva's ("Plaintiff") request for entry of default did Defendant learn of the case. (Not. of Removal ¶ 11.) Defendant then called Plaintiff's counsel and had a copy of the complaint emailed to it. (Id.) The Court, concerned about the timeliness of removal, ordered Plaintiff to file a declaration stating when, and by what method, Defendant was served, and to file a copy of the proof of service filed in the state court action. (See Docket No. 8.) Plaintiff filed a response stating that it personally served the summons and complaint on March 25, 2009. (Martin Decl. ¶ 2.) Plaintiff also attached a copy of the proof of service, which shows that the summons and complaint were personally served on March 25, 2009 on Tony Young of Legalzoom.com, Inc., which is Defendant's registered agent for service of process.

 The Notice of Removal was filed on May 12, 2009, which is more than thirty days after the March 25, 2009 service date documented in the proof of service. Because Defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant[,]" Roberson, 770 F. Supp. at 1328, Defendant has failed to demonstrate that removal was proper.

 For the foregoing reasons, the Court remands this action to Los Angeles County Superior Court, Case No. 09C00720, for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. §§ 1446(a)–(b), 1447(c). The Court stays this order until June 2, 2009. If Plaintiff wishes to remain in federal court and thereby waive the procedural defect discussed above, he shall notify the Court in writing on or before June 2, 2009. If Plaintiff instead prefers that this action be remanded to state court, he may simply decline to file a waiver of the procedural defect.

 IT IS SO ORDERED.